IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:98 CR 788

-vs-

                                            O R D E R

SANTARROW RUSSELL,

                Defendant.

KATZ, J.

This case is again before the Court on multiple motions (Doc. Nos. 339 - 341) filed by the Defendant, as to which the Government has filed its response. Because none of the motions have merit, each will be denied.

**I. MOTION TO VACATE CONVICTION**

The Defendant filed a motion to vacate his conviction based upon *Apprendi v. New Jersey*, 530 U.S. 466, (2000). He also cites multiple other cases, including *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, decided earlier this year by the Supreme Court of the United States. *Booker* applies very clearly to the Defendant's sentence; it does not, however, in any way affect the validity of his conviction. Additionally, Russell's conviction has already been affirmed on appeal by the Sixth Circuit Court of Appeals. Therefore, his motion to vacate his conviction is denied.

**II. MOTION TO BE SENTENCED TO ONE YEAR MAXIMUM**

Again, Defendant relies on the *Booker* decision to preclude this Court from determining, by a preponderance of the evidence, the amount of drugs for which he is responsible. He also urges the Court to conclude that it does not have the right to enhance his base offense level pursuant to Guidelines Section 2(d)(1).1(b)(1) and 3(b)1.1(a). As well set forth in the Government's response, the remedial portion of the *Booker* decision holds that such fact finding is unconstitutional only when it operates to increase the Defendant's mandatory sentence. *See United States v. Dalton,* 409 F.3d 1247, (10th Cir. 2005).

Based on the evidence adduced at trial, the Defendant is responsible for conspiring to possess with intent to distribute at lease 1.5 kilograms of cocaine base (crack); that equates to a base offense level of 38. The evidence clearly supports that Russell was a leader or organizer and that he possessed a firearm during the commission of the conspiracy.

In considering the factors set forth in of Title 18 U.S.C. § 3553(a), this Court has considered the substantial quantity of crack cocaine for which Russell was responsible during the period of the conspiracy, his role in the offense and his possession of a firearm. Having taken all of those factors into consideration, as well as the other matters set forth in § 3553(a), the sentence which this Court announced on September 19, 2005 is sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a). All of those factors need not be proven to a jury before this Court can consider them in fashioning an appropriate and reasonable sentence under the new advisory Sentencing Guidelines.

For the reasons stated above and for those articulated in the Government's response, this Court denies all of Defendant's pending motions and will issue the Judgment as amended and articulated on September 19, 2005.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     U. S. DISTRICT JUDGE